COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  Amier Gantt v. Harris County Central Technology Services, Harris County, & Terry Ortiz

Appellate case number:  01-19-00263-CV

Trial court case number:  2017-54479

Trial court:  281st District Court of Harris County

On April 12, 2022, pursuant to TEX. R. APP. P. 42.3(a), this Court issued a notice of potential dismissal for lack of jurisdiction because a question exists as to the timeliness of the notice of appeal (the "April 12 order"). Specifically, the Court's records indicate that the notice of appeal, filed on April 4, 2019, may not have been timely filed to appeal the trial court judgment signed thirty-one days earlier, on March 4, 2019. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if timely motion for new trial is filed or within six months after judgment is signed for restricted appeal). The clerk's record filed in this appeal does not reflect that any post-judgment motion was filed. *See* TEX. R. APP. P. 329b(a) (requiring motion for new trial to be filed within thirty days after judgment or other order complained of is signed); *see also* TEX. R. CIV. P. 329b(g). No motion to extend the time for filing a notice of appeal has been filed in this Court. *See* TEX. R. APP. P. 26.3 (appellate court may extend the time to file notice of appeal if, within 15 days after deadline for filing notice of appeal, party (1) files in the trial court the notice of appeal and (2) files in the appellate court a motion complying with TEX. R. APP. P. 10.5(b)); *but see Hone v. Hanafin*, 959 S.W.2d 884, 886–87 (Tex. 2003) (instructing that appellate court may consider notice of appeal filed within 15-day period stated in TEX. R. APP. P. 26.3 as implied motion for extension of time *if* appellant reasonably explains failure to timely file notice of appeal). Without a timely filed notice of appeal, this Court lacks jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1.

The Court ordered that any response from appellant demonstrating this Court's jurisdiction to hear the appeal was due within 14 days of the April 12 order. However, no response was received from appellant.

In reviewing its file, the Court observed that appellant's counsel's signature block in at least one filing includes a different address, telephone number, and email address than the Court used for service of the April 12 order. Out of an abundance of caution, and even though appellant's counsel has not filed any notice indicating a change of address for this appeal, the Clerk of the Court shall include in the parties and counsel served with this order:

Theressa F. Ford
6107 Breezewood Ct # 102
Greenbelt, MD 20770-1156
(832) 819-6846 (telephone)
Email: Theressa.Ford@sba.gov

The Court again notifies appellant that it may dismiss this appeal for the reason stated herein and in the April 12 order, unless appellant files a written response that demonstrates, with citation to the record, statutes, rules, and/or case law, that this Court has jurisdiction over the appeal. **Any response must be filed within 14 days of the date of this notice. Appellant must respond in writing even if appellant has previously claimed the notice of appeal was timely filed.**

**If a meritorious response is not received by the deadline, the Court may dismiss the appeal for want of jurisdiction without further notice.** *See* TEX. R. APP. P. 42.3(a).

Judge's signature: /s Amparo Guerra

Date: May 5, 2022